UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SOUTHERN AUTO ELECTRIC                CIVIL ACTION NO. 20-cv-0091

VERSUS                                CHIEF JUDGE HICKS

MELISSA TACKETT, ET AL                MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Introduction**

This case began as a petition on open account filed in state court. Southern Auto Electric, Inc. alleged that it performed work on a boat that belonged to John Tackett, Jr. The total charges for the work were just under $80,000. Mr. Tackett paid almost $59,000 before his untimely death. Southern Auto filed suit against Mr. Tackett's surviving spouse and his estate for the balance of $20,975, plus a $15 storage fee commencing in August 2019. The petition asserts a mechanic's lien, pursuant to which Southern Auto has maintained possession of the boat. The petition prays for a judgment for the outstanding balance on the account, storage fees, interest, and attorney's fees pursuant to Louisiana's open account law, La. R.S. 9:2781.

Melissa Tackett and the Estate of John Tackett removed the case based on an assertion of diversity jurisdiction. That puts the burden on them to set forth particular facts that demonstrate by a preponderance of the evidence that the parties are completely diverse in citizenship and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c).

**Citizenship of the Parties**

The notice of removal alleges that Southern Auto has been placed on inactive status by the Louisiana Secretary of State and is disqualified from bringing this suit. It is, however, the named Plaintiff, so its citizenship must be assessed for diversity purposes. Defendants allege that Southern Auto is a Louisiana business corporation and that its principal (Gary Shovan) is domiciled in Louisiana. The citizenship of a corporation is determined by both (1) the state in which it was incorporated and (2) the state in which it has its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The principal place of business of Southern Auto is not included in the notice of removal, and this must be remedied.

Defendant Melissa Tackett alleges that she is domiciled in Arkansas. The Estate of John Tackett is alleged to not yet be under administration, but it is argued that it should be viewed as an Arkansas citizen because Mr. Tackett was domiciled in Arkansas. Those allegations appear to be adequate. See 28 U.S.C. 1332(c)(2) (legal representative of the estate of a decedent is deemed to be a citizen only of the same state as the decedent).

**Amount in Controversy**

There is a serious question as to whether Defendants can meet their burden with respect to the amount in controversy. They acknowledge that the amount Southern Auto seeks on the open account is less than $21,000. They also point to storage fees, which are about $450 per month. There is also a claim for an unspecified amount of attorney's fees,

which is a part of the amount in controversy if fees are provided for by state law. Foret v. Southern Farm Bureau Life Ins. Co., 918 F.2d 534, 537 (5th Cir. 1990). The court may then include a reasonable estimate of a fee award when assessing the amount in controversy. Wright Family Investments, LLC v. Jordan Carriers, Inc., 2012 WL 2457664, *4 (W.D. La. 2012).

It is unlikely that information in the petition and notice of removal would suffice to meet the amount in controversy. Defendants state that the boat at issue is worth more than $200,000, and they contend that the court should consider a potential counterclaim, not yet asserted, for improper seizure of the boat when assessing the amount in controversy.

The amount in controversy is generally assessed from the viewpoint of the plaintiff. Garcia v. Koch Oil Company of Texas, Inc., 351 F.3d 636, 639-40 and n.4 (5th Cir. 2003) (applying plaintiff-viewpoint rule in action for declaratory relief); Barker's Pharmacy v. Prime Therapeutics, 2015 WL 1922532, *3-4 (M.D. La. 2015) (applying plaintiff-viewpoint rule in case that sought declaratory and monetary relief); and Lowrie v. Walmart Louisiana, LLC, 2015 WL 9685508 (W.D. La. 2015) (applying plaintiff-viewpoint rule in assessing amount in controversy). The expenses of or burdens on the defendant are not included. The court looks to the true object of the petition, which in this case is collection of the $20,975 due on account, plus related lesser amounts.

And it appears to be error to consider the amount of a counterclaim, especially one not asserted before the case is removed, in assessing the amount in controversy. St. Paul Reinsurance Co., Ltd. v. Greenberg, 144 F.3d 1250, 1254 (5th Cir. 1998) (district court erred in considering a counterclaim in connection with the amount in controversy);

Southwest Louisiana Hosp. Ass'n v. Connecticut General Life Ins. Co., 2012 WL 2499485, *5 (W.D. La. 2012) ("allowing federal subject-matter jurisdiction to be created by a defendant's counterclaim, filed post-removal, would be contrary to several longstanding jurisdictional principles"); Royal Cosmopolitan, LLC v. Star Real Estate Group, LLC, 629 F.Supp.2d 594 (E.D. La. 2008) (surveying the law and refusing to consider value of counterclaim in a removed case); and 14C Federal Practice & Procedure, Juris. § 3725.3 (Rev. 4th ed.) ("The traditional rule has been that no part of the required jurisdictional amount can be met by considering a defendant's counterclaim.").

**Conclusion**

Defendants will be allowed until **February 7, 2020** to file an amended notice of removal that attempts to cure the citizenship allegations discussed above and, if they desire, supplements their allegations with respect to the amount in controversy. If they contend that the amount in controversy has been satisfied, they must file by that same day a memorandum that sets forth the relevant facts and law in support of their position. If they concede that the amount in controversy is not satisfied, they may notify the court, and the case will be remanded without further proceedings.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of January, 2020.

Mark L. Hornsby
U.S. Magistrate Judge